UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARDO MOLINA,

    Plaintiff,

v.

ROSKAM BAKING COMPANY,

    Defendant.
_____/

Case No. 1:09-cv-475

HON. JANET T. NEFF

## OPINION

Plaintiff brought this action against Defendant, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* Pending before the Court is Plaintiff's Motion for Rule 23 Class Certification (Dkt 86), to which Defendant filed a response in opposition (Dkt 88), and Plaintiff filed a reply (Dkt 90). For the reasons that follow, the Court denies Plaintiff's motion.

### I. BACKGROUND

Plaintiff was employed by Forge Industrial Staffing as a Service Associate available for staffing at industrial facilities (Compl. [Dkt 1] ¶ 10). Forge placed Plaintiff as a temporary employee with Defendant Roskam Baking Company (*id.* ¶ 11). Since May 2007, Plaintiff worked a full-time schedule for Defendant (*id.* ¶ 13). In 2008, Plaintiff applied for a permanent position with Defendant (*id.* ¶ 15). Defendant accessed and used a consumer report in October 2008 in relation to Plaintiff's employment application (*id.* ¶ 17). Plaintiff alleges that Defendant concluded from a review of the consumer report that there were two different criminal charges brought against Plaintiff in 2007, including a felony conviction (*id.* ¶ 19).

According to Plaintiff, the consumer report furnished by the consumer reporting agency was false and inaccurate (Compl. ¶ 20). Plaintiff alleges that he was not charged or convicted of the 2007 crimes (*id.* ¶ 21). Plaintiff alleges that Defendant rejected him for permanent employment based on the contents of the consumer report (*id.* ¶ 22). Further, on October 27, 2008, Defendant discharged Plaintiff from his temporary assignment (*id.* ¶ 23).

On May 26, 2009, Plaintiff filed this action against Defendant,[1] alleging that Defendant violated the FCRA, 15 U.S.C. § 168lb(b)(3), by failing to provide him with a copy of the consumer report and a written description of his rights as prescribed by the Federal Trade Commission (FTC), before taking any adverse action (*id.* ¶¶ 25, 46). Plaintiff contends that he only obtained the consumer report results after Defendant took the adverse action against him (*id.* ¶ 26). Plaintiff subsequently filed an Amended Complaint to add allegations in support of maintaining a class action (Dkt 77). Defendant filed answers to both complaints (Dkts 6, 80). The parties completed initial discovery and subsequently filed the motion papers at bar.

## II. ANALYSIS

The Federal Rules of Civil Procedure mandate a two-step process to determine whether an action may be maintained as a class action. First, the court must determine whether the proposed class meets the four prerequisites of Rule 23(a)–numerosity, commonality, typicality, and adequacy. FED. R. CIV. P. 23. Second, if the four prerequisites are satisfied, then the court must determine whether the proposed class falls within one of the categories of Rule 23(b). FED. R. CIV. P. 23(b).

---

[1] Plaintiff also named Forge in this suit, alleging that Forge committed similar FCRA violations; however, Plaintiff subsequently stipulated to dismissing his claims against Forge (Dkts 24 & 25). Additionally, Plaintiff filed two more FCRA cases against other entities: *Leonardo Molina v. Phoenix Personnel, Inc. of Michigan*, 1:10-cv-944, and *Leonardo Molina v. Backgrounds Online, et al.*, 1:11-cv-271, which were dismissed in April and October 2011, respectively.

A district court has "broad discretion in deciding whether to certify a class," *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996), but the court "may not certify any class without 'rigorous analysis' of the requirements of Rule 23." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc) (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). "The party seeking the class certification bears the burden of proof." *Am. Med. Sys.*, 75 F.3d at 1079.

According to Plaintiff, the facts at bar present "two separate types of violations, composing five classes which this Court should certify under Rule 23" in this case. Plaintiff's five proposed classes are the following:

**Impermissible Access Classes**

1. Pre-Report Certification of Permissible Purpose Class, 15 U.S.C. § 1681b(f)(2)
   All natural persons residing in the United States or its territories
   a. for whom Roskam obtained a consumer report during the preceding five years
   b. for which Roskam failed to certify its permissible purpose to the consumer reporting agency from which the report was obtained.

2. Pre-Report Employment Certification Class, 15 U.S.C. § 1681b(b)(1)
   All natural persons residing in the United States or its territories
   a. for whom Roskam obtained a consumer report for employment purposes during the preceding five years
   b. for which Roskam failed to certify its intentions that it would comply with 15 U.S.C. § 1681b(b)(3).

3. Permissible Purpose Class, 15 U.S.C. § 1681b(f)(1)
   All natural persons residing in the United States or its territories
   a. for whom Roskam used consumer report for employment purposes during the preceding five years
   b. where Roskam used the report in the absence of either the preemployment certification or the permissible purpose certification.

**Adverse Action Classes**

4. Consumer Report Disclosure Class, 15 U.S.C. § 1681b(b)(3)(A)(i)
   All natural persons residing in the United States or its territories,

    a.  for whom Roskam obtained a consumer report which was obtained by Roskam for employment purposes during the preceding five years
    b.  against whom Roskam took adverse employment action based in whole or in part on that report
    c.  to whom Roskam failed to provide a copy of that report prior to Roskam's adverse action.

  5.  FTC Notice of Rights Class, 15 U.S.C. § 1681b(b)(3)(A)(ii)
    All natural persons residing in the United States or its territories
    a.  for whom Roskam obtained a consumer report which was obtained by Roskam for employment purposes during the preceding five years
    b.  against whom Roskam took adverse action based in whole or in part on that report
    c.  to whom Roskam failed to provide a copy of the FTC notice of rights prior to Roskam's adverse action.

Pl. Mot., Dkt 86 at 7-9.

**A. Rule 23(a) Requirements**

1. *Numerosity*

  The first prerequisite of Rule 23(a) is numerosity. Numerosity exists where "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). A plaintiff need not prove the number of class members to a certainty. *Appoloni v. United States*, 218 F.R.D. 556, 561 (W.D. Mich. 2003). Courts have generally presumed that the numerosity requirement is met when the class has more than forty members. *Id.*

  Plaintiff cites record evidence that Defendant obtained an estimated 3,900 consumer reports over the cited five-year limitations period and that Defendant's human resources representative took adverse action against workers 50-100 times per year (Pl. Mot., Dkt 86 at 11-12). Further, Plaintiff points out that Defendant admits the numerosity requirement is satisfied (*id.* at 11; Df. Answer, Dkt 80 at ¶ 46). Accordingly, the Court is satisfied that the numerosity requirement for the proposed classes is met.

2. *Commonality*

The second prerequisite of Rule 23(a) is that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). For purposes of the commonality requirement, a court must look for "a common issue the resolution of which will advance the litigation." *Sprague*, 133 F.3d at 397.

Plaintiff identifies the following questions of fact as common to the proposed classes:

1. Whether Roskam certified that it had a permissible purpose to access consumer reports concerning its workers, including Mr. Molina.

2. Whether Roskam certified its intention to provide copies of consumer reports and the FTC notice of rights to its workers before taking adverse action.

3. Whether Roskam actually provided those consumer reports and the FTC notice of rights to its workers before taking adverse action against them.

4. Whether Roskam was aware of its duties under the FCRA.

Pl. Mot., Dkt 86 at 14. Additionally, Plaintiff identifies the following questions of law as common to the proposed classes:

1. Was Roskam required to certify its uses of consumer reports as permissible.

2. Did Roskam have a permissible purpose for its uses of consumer reports.

3. Was Roskam required to provide copies of consumer reports and the FTC notice of rights to its workers before terminating their assignments.

4. Was Roskam's conduct willful.

*Id.*

Although Rule 23(a)(2) speaks of "questions" in the plural, the Sixth Circuit has said that there need only be one question common to the class. *Sprague*, 133 F.3d at 397; *Am. Med. Sys.*, 75

F.3d at 1080. The Court is satisfied that Plaintiff has met the commonality requirement for the proposed classes.

3.   *Typicality*

The third prerequisite of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). This test limits the class claims to those "fairly encompassed by the named plaintiffs' claims." *Sprague*, 133 F.3d at 399 (quoting *Am. Med. Sys.*, 75 F.3d at 1082). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Am. Med. Sys.*, 75 F.3d at 1082 (internal quotation marks omitted). Certification is improper if "[a] named plaintiff who proved his own claim would not necessarily have proved anybody else's claim." *Sprague*, 133 F.3d at 399.

Again, Plaintiff here seeks to certify five different classes, each of which would assert a different claim. Plaintiff nonetheless contends that if Defendant violated the provisions of 15 U.S.C. § 1681b of the FCRA for one, it violated these same provisions for all (Pl. Mot., Dkt 86 at 15). However, with regard to the first three proposed "Impermissible Access Classes," Defendant points out that the consumer reports of different class members were obtained in at least three different ways, and claims regarding their certification and use would thus present individual issues (Df. Resp., Dkt 88 at 15-16). Indeed, Defendant contends that Plaintiff himself does not actually have a claim for failure to certify a permissible purpose with respect to his own consumer report and that Plaintiff therefore cannot represent a class of claimants for whom the certification requirements may not have been satisfied (*id.* at 18-19). Similarly, with regard to the fifth proposed class in particular, the "FTC Notice of Rights Class," Defendant points out that whether or not Plaintiff received an

FTC notice—the very core of this fifth claim—is an individualized issue, with resolution of Plaintiff's notice claim resolving nothing about whether other class members each received their own notice (*id.* at 14).

Based upon this lack of typicality, especially the varying way consumer reports were obtained, it appears that each individual will have to submit separate proofs to establish liability. That the Court would be required to take additional testimony and evidence on the certification and notice processes relevant to each individual strongly suggests the impropriety of class certification in this case. *See, e.g, Sprague*, 133 F.3d at 399. The Court concludes that the typicality requirement is not met.

4.   *Adequacy of the Named Plaintiff*

The fourth and final prerequisite of Rule 23(a) is the requirement that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The Rule 23(a)(4) requirement is evaluated using two criteria:  "'1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Am. Med. Sys.*, 75 F.3d at 1083 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)).

The qualifications of Plaintiff's counsel are not in question; however, given the Court's conclusion that the typicality requirement is not met, *see supra,* the requirement that the representative must have common interests with the unnamed members of the class is in question. The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members. *Am. Med. Sys.*, 75 F.3d at 1083.

Defendant challenges the adequacy of Plaintiff as a class representative in light of Plaintiff's admitted inability to speak, understand, read or write English (Df. Resp., Dkt 88 at 9, citing Molina Dep. at 1, 9). Defendant asserts that Plaintiff did not appear to understand his claims, this lawsuit, or the nature of a class action (Df. Resp., Dkt 88 at 10-11), but Plaintiff disputes this assertion (Pl. Reply, Dkt 90 at 7-8). Although the Court has some concerns about Plaintiff's representational abilities, *see Jenkins v. Macatawa Bank Corp.*, Nos. 1:03-cv-321 *et al.*, 2006 WL 3253305, *7 (W.D. Mich. Nov 9, 2006) (determining that a designated class representative was inadequate where the representative was unable "to minimally describe his claim"), it is the lack of typicality that leads the Court to conclude that the adequacy requirement is not satisfied.

In sum, Plaintiff's proposed classes do not meet all four prerequisites of Rule 23(a).

**B.    Rule 23(b) Requirements**

Even if Plaintiff's proposed classes met the prerequisites of Rule 23(a), class certification would only be proper if, in addition to meeting these prerequisites, one of the three alternative requirements in Rule 23(b) is met. Plaintiff contends that certification is appropriate under the third requirement, FED. R. CIV. P. 23(b)(3), which requires a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (Pl. Mot., Dkt 86 at 17-19). The matters pertinent to these findings include "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in

the particular forum; and (D) the likely difficulties in managing a class action." FED. R. CIV. P. 23(b)(3).

Defendant argues that the limitations period applicable to the purported class members' claims presents important predominating individual questions of fact (Df. Resp., Dkt 88 at 6-8). An action to enforce any liability under the FCRA must be brought "not later than the earlier of 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability or 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Plaintiff's Amended Complaint proposes a five-year class period (Dkt 77 ¶ 45), but a five-year limitations period would apply only if (unlike Plaintiff) the purported class member did not discover the violation that gave rise to his or her claim at some earlier point. Defendant properly points out that if Plaintiff's proposed classes are certified, there would need to be an individualized determination for each class member of when the violation that gave rise to his or her claim was discovered. Plaintiff's assertion that the proposed class members have not yet discovered the facts supporting the violations (Pl. Reply, Dkt 90 at 3-5) does not ameliorate this task.

Rather, the Court agrees with Defendant that because the question of Defendant's liability to a substantial portion of the class turns on the individual question of when certain class members "discovered" or "should have discovered" Defendant's alleged misconduct, a class action is not the best method of trying the suit. *See, e.g., Butler v. Sterling, Inc.*, No. 98-3223, 2000 WL 353502, at *7 (6th Cir. Mar. 31, 2000) (finding the district court did not abuse its discretion in denying class certification under Rule 23(b)(3) based on its doubt that the defendants could realistically be expected to argue the applicability of its statute of limitations defense to numerous class members individually at one trial); *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 593 (W.D. Mich. 2001)

(holding that common questions did not predominate where "each plaintiff's action would present unique factual issues regarding the statute of limitations").

Last, Plaintiff argues that the class action mechanism is a superior method for resolving the claims of the five proposed classes where many of the proposed class members are "foreign-born, with little or no access to legal representation," and where the claims, if brought individually, would yield small recoveries (Pl. Mot., Dkt 86 at 18). Defendant responds that Plaintiff's argument overlooks the fact that the FCRA awards attorneys' fees to a prevailing consumer (Df. Resp., Dkt 88 at 12-13).

The FCRA provides, "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(1)(A)(3) (civil liability for willful noncompliance); 15 U.S.C. § 1681o(a)(2) (civil liability for negligent noncompliance). The Sixth Circuit has held that the primary justification for class treatment is largely absent where "[the statute's] provision for the award of attorney's fees and costs to successful plaintiffs eliminates any potential financial bar to pursuing individual claims." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 449 (6th Cir. 2002) (holding the district court abused its discretion in certifying class action under Equal Credit Opportunity Act). *See also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (the purpose of a Rule 23(b)(3) class action is to vindicate "the rights of groups of people who individually would be without effective strength to bring their opponents into court at all") (internal quotation marks and citation omitted).

Hence, as Defendant points out, district courts within the Sixth Circuit have concluded that the presence of such fee-shifting provisions weigh against class certification, in that the financial

barrier to bringing suit is eliminated. *See Abby v. City of Detroit*, 218 F.R.D. 544, 549 (E.D. Mich. 2003) (finding the fee-shifting provisions of 42 U.S.C. § 1988 weigh against class certification); *Mayo v. Sears, Roebuck & Co.*, 148 F.R.D. 576, 583 (S.D. Ohio 1993) (declining to certify class of consumers in action seeking rescission under Truth in Lending Act where statute authorizes award of attorney fees); *Cancino v. Yamaha Motor Corp.*, No. 3:04-cv-274, 2010 WL 2607251, at *17 (S.D. Ohio 2010) (declining to certify class of consumers where the plaintiffs asserted three statutory claims that provide for an award of attorney's fees); *Carter v. Welles-Bowen Realty, Inc.*, No. 3:05-cv-7427 *et al.*, 2010 WL 908464, at *2 (N.D. Ohio 2010) (finding that the fee-shifting and treble damages provisions of the Real Estate Settlement Procedures Act preclude a finding of superiority under Rule 23(b)(3)). The Court concludes that the FCRA's provision for the award of attorney's fees and costs to successful plaintiffs similarly furnishes an adequate incentive for individual plaintiffs to bring these types of claims.

Therefore, even assuming arguendo that Plaintiff's proposed classes meet the prerequisites of Rule 23(a), the Court, in its discretion, determines that the proposed classes fail the predominance and superiority requirements of Rule 23(b)(3).

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Certify Class (Dkt 86). An Order consistent with this Opinion will be entered.


DATED: November 29, 2011                /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge